**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SAMMY MCMURRAY

     Plaintiff,

    v.                                                              No. CIV 08-0805 JB/KBM

LESLIE C. SMITH ET AL.,
MARTHA VASQUEZ [sic],

     Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court, sua sponte under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff Sammy McMurray's civil rights Complaint. McMurray is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis.[1] For the reasons below, the Court will dismiss McMurray's Complaint.

      The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on

---

[1] Although McMurray has not raised the issue of recusal, the Court notes that it need not recuse itself, even though the Defendants in this case are fellow judges from the District of New Mexico. The Compendium of Selected Ethics Opinions states that a judge "need not recuse from a case involving a party that filed suit against the judge, where the judicial immunity will be a complete defense to the action against the judge." Committee on Codes of Conduct, Compendium of Selected Ethics Opinions § 3.6-7 (2007), http://jnet.ao.dcn/Guide/Volume_2/Chapter_5/Part_One/Canon_3/. See Palma v. United States, No. CV08-0457 JB/ACT, Memorandum Opinion and Order at 1-6, filed July 31, 2008 (D.N.M.)(Browning, J.)(discussing recusal and judicial immunity in detail). This basic point is even stronger when the judge sued is not the judge deciding the case. Additionally, recusal is not necessary simply because the Court is familiar with the named Defendants. See Bragg v. State of New Mexico Medicaid Quality Assurance, No. CV07-0343 JB/WDS, Memorandum Opinion at 5, filed November 9, 2007 (D.N.M.)(Browning, J.). Given these factors, the Court concludes that recusal is not necessary. The Court believes it can fairly and impartially decide the case.

which relief may be granted." The Court also may dismiss a complaint <u>sua sponte</u> under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting <u>McKinney v. Oklahoma, Dep't of Human Services</u>, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing McMurray's pro-se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. <u>See</u> <u>Northington v. Jackson</u>, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint names two judges of this Court as Defendants. McMurray alleges that Defendants improperly dismissed his complaint in an earlier action. <u>See</u> <u>McMurray v. Snead, et al.</u>, No. CV 07-0688 JH/CEG. McMurray recently made the same allegations against the same parties in his complaint in <u>McMurray v. Smith</u>, No. CV 08-0408 MCA/LFG. In case No. CV 08-0408 MCA/ LFG, the Honorable M. Christina Armijo, United States District Judge, declined to recuse or reassign the case, and dismissed the complaint on the basis of the Defendants' absolute judicial immunity. <u>See</u> <u>McMurray v. Smith</u>, No. CV 08-0408 MCA/LFG, slip ord. filed July 11, 2008. McMurray's appeal from that dismissal order remains pending. For substantially the same reasons stated in the dismissal order of July 11, 2008, the Court will dismiss McMurray's Complaint in this action. Furthermore, or alternatively, the Court will dismiss the Complaint as res judicata. <u>See</u> <u>Plotner v. AT & T Corp.</u>, 224 F.3d 1161, 1168 (10th Cir. 2000); <u>Overton v. United States</u>, No. 01-6357, 2002 WL 31230837, at **5 (10th Cir. 2002).

The Court notes that McMurray originally submitted the Complaint in this matter to the United States Court of Appeals for the Tenth Circuit. The Tenth Circuit date-stamped the Complaint and forwarded it to this Court. It appears, therefore, that McMurray did not attempt to file the Complaint in this Court. Because the Complaint is nearly identical to the one filed in No. CV

08-0408 MCA/LFG, the Court may properly consider imposing restrictions on McMurray's future filings. "Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate activities of abusive litigants by imposing carefully tailored restrictions if circumstances warrant." Keyter v. 535 Members of the 110th Congr., 277 F. App'x 825 (10th Cir. 2008) (citing Winslow v. Hunter, 17 F.3d 314, 315 (10th Cir. 1994)). Such conditions are generally justified when there is an "abusive and lengthy history" of meritless litigation. Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir. 1989).

McMurray does not seem to have an extensive history of vexatious filings. Moreover, McMurray appealed the ruling in his prior case, McMurray v. Smith, before he filed the Complaint in the Tenth Circuit that has now found its way to this Court. It is possible, given that he is proceeding pro se, that McMurray mistakenly believed that appealing his district court case meant refiling a complaint with the appellate court. Such a mistake would warrant more lenient treatment. Additionally, before a Court can impose restrictions on a person's ability to file lawsuits, the person must have notice of the proposed restrictions and an opportunity to respond. See Tripati v. Beaman, 878 F.2d at 354. Accordingly, although concerned about McMurray's repetitive filings, the Court will not impose filing restrictions at this time, but will put McMurray on notice of the possibility of having such restrictions imposed if he continues to file meritless suits.

In sum, the Court will dismiss McMurray's Complaint and will warn McMurray that, if he engages in abusive litigation in the future, the Court may restrict further filings related to the subject matter of this action.

**IT IS ORDERED** that the Plaintiff's motion for leave to proceed in forma pauperis is granted, and the initial partial payment is waived; the Plaintiff's Complaint is dismissed with prejudice; the Plaintiff is put on notice that if he engages in abusive litigation, the Court may impose


filing restrictions on him; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

Parties:

Sammy Leroy McMurray
Fort Bayard, New Mexico

> *Plaintiff pro se*

Leslie Smith
Las Cruces, New Mexico

– and –

Martha Vazquez
Albuquerque, New Mexico

> *Defendants pro se*